**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| ROCK CREEK PHARMACEUTICALS, INC., | : | Case No. 16-12120 (KG) |
| Debtor(s). | : | |
| In re: | : | Chapter 7 |
| RCP DEVELOPMENT, INC., | : | Case No. 16-12121 (KG) |
| Debtor(s). | : | |
| In re: | : | Chapter 7 |
| STAR TOBACCO, INC., | : | Case No. 16-12123 (KG) |
| Debtor(s). | : | **Related to Docket No. 45** |

**ORDER PURSUANT TO SECTIONS 363(b), (f) AND (m) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 AUTHORIZING SALE OF ESCROW RELEASES FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Upon consideration of the motion (the "Motion")[1] of George L. Miller, solely in his capacity as chapter 7 trustee (the "Chapter 7 Trustee") for the bankruptcy estates of Rock Creek Pharmaceuticals, Inc., RCP Development, Inc. and Star Tobacco, Inc. (each, a "Debtor" and collectively, the "Debtors"), for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Purchase Agreement, annexed hereto as Exhibit 1 or the Motion, as applicable.

for the District of Delaware (the "Local Rules") (i) authorizing the sale of the Assigned Interests identified in Section 1 of the Purchase Agreement free and clear of all liens, claims, encumbrances, and interests, except as set forth herein or in the Purchase Agreement to Xcaliber International, Ltd. (the "Buyer"), and (ii) granting related relief; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the *Declaration of George L. Miller in Support of the Motion Pursuant to Sections 363(b), (f), and (m) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 Authorizing Sale of Escrow Releases Free and Clear of all Liens, Claims and Encumbrances* (the "Supporting Declaration"); and upon the entire record in the respective above-captioned chapter 7 cases (each, a "Chapter 7 Case" and collectively, the "Chapter 7 Cases"); and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution.  Venue of these Chapter 7 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory predicates for the relief sought in the Motion are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1.

D.      Due and sufficient notice of the Motion, the proposed Sale, the Sale Hearing, and the subject matter thereof, and a reasonable opportunity to object or be heard with respect thereto and to the entry of this Sale Order, has been provided by the Chapter 7 Trustee to all parties entitled to receive such notice and no other or further notice is required.

E.      The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest. Upon the representations of the Chapter 7 Trustee set forth in the Motion and the Supporting Declaration, the Chapter 7 Trustee has demonstrated: (i) good, sufficient, and sound business purposes and justifications for the relief requested in the Motion; (ii) the Chapter 7 Trustee's decision to enter into the Purchase Agreement and perform thereunder is a valid and sound exercise of the Chapter 7 Trustee's business judgment, exercised on behalf of the Debtors' estates; (iii) the Chapter 7 Trustee and the Buyer participated in the sale process and acted in good faith; (iv) the Sale was negotiated and proposed in good faith, from equal, arms-length bargaining positions, and without collusion of any kind; (v) the Buyer is not an "insider" of any of the Debtors within the meaning of section 101(31) of the Bankruptcy Code; (vi) the Buyer is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded thereby; (vii) neither the Chapter 7 Trustee nor the Buyer has engaged in any conduct, action, or inaction that would cause or permit the Purchase Agreement, or the sale of the Assigned Interests to the Buyer, to be avoidable or avoided, or for costs or damages to be imposed, under section 363(n) of the Bankruptcy Code, nor has either acted in bad faith or in any improper or collusive manner with any person in connection herewith; and (viii) the Purchase Agreement was not entered into, and

the Sale is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Debtors, and (ix) none of the parties to the Purchase Agreement are consummating the Sale with any fraudulent or otherwise improper purpose.

F.  As further supported by the representations of the Chapter 7 Trustee set forth in the Motion and the Supporting Declaration, the consideration provided by the Buyer pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Assigned Interests, and (iii) will provide a greater recovery for the Debtors' creditors than would be provided by any other available alternative.

G.  As further supported by the representations of the Chapter 7 Trustee set forth in the Motion and the Supporting Declaration, but for the protections afforded to the Buyer under the Bankruptcy Code and this Order, the Buyer would not have offered to pay the consideration contemplated in the Purchase Agreement.

H.  The Chapter 7 Trustee and the Buyer have full power and authority, including, without limitation, corporate power and authority to (i) perform all obligations under the Purchase Agreement, including, without limitation, to conduct the Closing and (ii) to consummate the Sale. All necessary corporate action or authority on the part of the Debtors to enter into and perform under the Purchase Agreement, and the Sale contemplated thereby, is hereby deemed been duly and validly authorized. No further consents or approvals, except those necessary to resolve the Objection[2] of the States, are required for the Chapter 7 Trustee and the Debtors to consummate the Sale or otherwise perform their obligations under the Purchase Agreement.

---

[2] *Limited Objection by the States to the Chapter 7 Trustee's Motion Pursuant to Section 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014, (I) Authorizing the sale of Escrow Releases Free and Clear of All Liens, Claims, and Encumbrances*, filed on January 4, 2018 (Doc. #47).

I. Except as expressly set forth in this Order or the Purchase Agreement, the Buyer (i) shall have no liability, responsibility, or obligations for payment of any claims of or against the Debtors, the Chapter 7 Trustee, or otherwise related to the Assigned Interests; (ii) shall not be deemed, as a result of any action taken in connection with the Sale or otherwise, to have, *de facto* or otherwise, merged or consolidated with or into any Debtor; (iii) is not a substantial continuation of any Debtor, its estate, or the Chapter 7 Trustee (iv) is not holding itself out to the public as a continuation of any Debtor, its estate, or the Chapter 7 Trustee; and (vi is not acquiring or assuming any claim.

J. The Debtors are the sole and lawful owners of the Assigned Interests. The Assigned Interests constitute property of the Debtors' estates and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

K. Debtor Star Tobacco, Inc. ("Star Tobacco"), a wholly-owned subsidiary of Debtor Rock Creek Pharmaceuticals, Inc., operated as a tobacco product manufacturer when these companies were in business. As a tobacco manufacturer, Star Tobacco was regulated under the "Escrow Deposit Statutes" of the states in which it sold its cigarettes. The Escrow Deposit Statutes are collectively those laws passed by each signatory state to the 1998 tobacco Master Settlement Agreement ("MSA") that require tobacco product manufacturers who did not settle under the MSA (called "Non-Participating Manufacturers" or "NPMs") to establish an escrow account, referred to as a Qualified Escrow Fund ("QEF"), and deposit funds into escrow each year in an amount calculated on the basis of their cigarette sales made in the applicable state during the prior calendar year. Star Tobacco was an NPM. In total, Star Tobacco deposited about $39 million into its QEF accounts. The Purchase Agreement seeks to sell only a small sub-set of these QEF accounts. The QEF accounts subject to sale under the Purchase Agreement

are held for the benefit of nineteen states and consist almost exclusively of accounts holding escrow deposits made on or after April 17, 2007.  Together, the deposits in these accounts total slightly less than $500,000.  In the Purchase Agreement, these QEF accounts are collectively referred to as the "Escrow Accounts" and identified by bank account number on Exhibit A to the Purchase Agreement.

   L. The Chapter 7 Trustee, on behalf of the Debtors' estates, is authorized to sell and, subject to the occurrence of the Closing, shall be deemed to have sold the Assigned Interests to the Buyer free and clear of all liens, claims, interests, and encumbrances, except as set forth herein and in the Purchase Agreement.  Those holders of liens, claims, and encumbrances who did not object to the Motion or the relief requested therein, or who interposed and then withdrew their objections, are deemed to have consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code.  Any objections filed by any holders of liens, claims, and encumbrances fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and such objections shall accordingly, be overruled, subject to the objecting parties interests being adequately protected by having their interests, if any, attach to the proceeds of the Sale of the Assigned Interests.

   **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

   1. The Motion is granted as set forth herein.

   2. All objections to the Motion or relief provided herein that have not been withdrawn, waived, or settled are hereby overruled and denied on the merits.

   3. The Chapter 7 Trustee's entry into the Purchase Agreement, on behalf of the Debtors' estates, is hereby approved in all respects.  Pursuant to sections 105 and 363 of the

Bankruptcy Code and the terms of the Purchase Agreement, the Chapter 7 Trustee is hereby authorized, empowered, and directed to enter into, execute, deliver and perform under the Purchase Agreement and any documents and instruments executed in furtherance thereof or as contemplated therein and to sell, transfer, and convey the Assigned Interests to the Buyer.

4. Pursuant to sections 363(f) of the Bankruptcy Code, upon the Closing of the Sale: (i) the transfer of the Assigned Interests to the Buyer pursuant to the Purchase Agreement shall constitute a legal, valid, and effective transfer of the Assigned Interests and shall vest the Buyer with all right, title, and interest in and to the Assigned Interests; (ii) the Assigned Interests shall be transferred to the Buyer free and clear of all liens, claims, interests, and encumbrances except as set forth in this Order and in the Purchase Agreement, with any such liens, claims, interests, and encumbrances in such Assigned Interests to attach to the proceeds of the Sale with the same validity, priority, and effect as they had prior to the entry of this Order, subject to any rights, claims and defenses that the Debtors or their estates may have with respect thereto.

5. On the Closing Date, the Chapter 7 Trustee is authorized to execute such documents and instruments and to take all other actions as may be reasonably necessary to document and effectuate the release of the liens, claims, interests, and encumbrances in the Assigned Interests (other than those expressly assumed by the Buyer or permitted to survive under the APA), if any, as such liens, claims, interests, and encumbrances may have been recorded or otherwise exist. If any person or entity that has filed statements (including, without limitation, UCC-1 financing statements) or other documents or agreements evidencing liens, claims, interests, and encumbrances on all or any portion of the Assigned Interests shall not have delivered to the Chapter 7 Trustee, in proper form for filing and executed by the appropriate

7

parties, termination statements, instruments of satisfaction, releases of such liens, claims, interests, and encumbrances or any other documents necessary for the purpose of documenting the release of all such liens, claims, interests, and encumbrances which the person or entity has or may assert, the Chapter 7 Trustee is hereby authorized, on behalf of the Debtors' estates, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assigned Interests.

6. Pursuant to section 363(b) of the Bankruptcy Code, the Chapter 7 Trustee and the Buyer, as well as their respective officers, employees, and agents, shall be, and hereby are, authorized to take any and all actions and/or execute any and all documents as may be necessary or desirable to consummate the transactions contemplated by the Purchase Agreement. Any actions taken by the Chapter 7 Trustee and the Buyer necessary or desirable to consummate such transaction prior to the entry of this Order are hereby ratified.

7. This Order shall be binding on all parties-in-interest, including, without limitation, all of the Debtors' creditors (whether known or unknown), the Debtors, the Buyer and their respective Affiliates, successors and assigns, and any affected third parties including, without limitation, all persons asserting an lien, claim, interest, or encumbrance against any Assigned Interest.

8. Subject to the provisions of this Order, all persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Chapter 7 Trustee, on behalf of the Debtors' estates, to sell and transfer the Assigned Interests to the Buyer or the Buyer to acquire and take clear title to the Assigned Interests, in accordance with the terms of the Purchase Agreement and this Order. Notwithstanding the foregoing, nothing herein shall prevent any administrative agencies,

governmental, tax and regulatory authorities, secretaries of state, or federal, state and local officials from properly exercising their police and regulatory powers and their statutory and administrative powers, including without limitation regulation by the states of their tobacco product manufacturer directories.

9. Entry into the Purchase Agreement is undertaken by the parties thereto in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and the Buyer is hereby entitled to the protections afforded by section 363(m) of the Bankruptcy Code to the fullest extent permitted by law in the event that this Order is reversed or modified on appeal. The reversal or modification on appeal of the authorization provided herein to enter into the Purchase Agreement and consummate the transactions contemplated thereby shall not affect the validity of such transactions, unless such authorization is stayed pending such appeal. The transactions contemplated by the Purchase Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code

10. The Sale contemplated by the Purchase Agreement does not cause there to be, and there is not (i) a consolidation, merger, or *de facto* merger of the Buyer, on the one hand, with or into any Debtor or its estate, on the other hand, or vice versa; (ii) a substantial continuity between the Buyer, on the one hand, and any Debtor, its estate, or the Chapter 7 Trustee, on the other hand; (iii) a common identity between the Buyer, on the one hand, and any Debtor, its estate, or the Chapter 7 Trustee, on the other hand; or (iv) a mere continuation of any Debtor or its estate, on the one hand, as the Buyer, on the other hand.

11. **Buyer's Assumption of Liability**. Notwithstanding anything to the contrary in this Order or the Purchase Agreement, Buyer shall be the assignee and successor-in-

interest of the Debtors for purposes of the Escrow Deposit Statutes and the Escrow Agreements[3] and shall expressly assume all rights and obligations of the Debtors under the Escrow Deposit Statutes and the Escrow Agreements.  This includes, *inter alia*, Buyer's express assumption of any liability of the Debtors for Released Claims[4] arising from the Debtors' tobacco operations, which claims may be brought against Buyer as the Debtors' successor by the Settling States[5] or by other Releasing Parties[6]; provided however, that Buyer's liability for satisfaction of judgments or settlements for Released Claims shall not exceed the amount held in the Escrow Accounts[7] for this purpose.  Buyer's express assumption of liability for Released Claims up to the amount of funds held in the Escrow Accounts for this purpose does not relieve the Debtors of their liability for Released Claims, including those claims that may exceed the amount held in these Escrow Accounts; provided however, that judgments or settlements against the Debtors for Released Claims shall first be satisfied from funds held in the Escrow Accounts for this purpose. Notwithstanding the foregoing, it is the obligation of the Buyer to defend and settle, to the extent appropriate, any Released Claims. The Trustee, on behalf of the Debtors, agrees and

---

[3] "Escrow Agreements" refer to the agreements entered into between (i) Star Scientific, Inc., Star Tobacco & Pharmaceuticals, Inc., and/or any of the Debtors and (ii) Branch Banking and Trust ("BB&T") Bank, the escrow agent, governing the Qualified Escrow Fund accounts to be sold under the Purchase Agreement.

[4] "Released Claims" is defined in the Escrow Deposit Statutes by reference to the MSA, which defines them in Sections II(n) and (nn).

[5] "Settling States" refers to the 46 states of the United States (the four states that did not sign the MSA are Texas, Mississippi, Florida, and Minnesota), the District of Columbia, Puerto Rico, and four territories that signed the MSA.

[6] "Releasing Parties" is defined in the Escrow Deposit Statutes by reference to the MSA, which defines them in Section II(pp).

[7] "Escrow Accounts" as defined in the Purchase Agreement and identified by bank account number on Exhibit A to the Purchase Agreement.

acknowledges that it shall cooperate with the Buyer in any manner reasonably necessary to enforce the Buyer's right to control the defense of any Released Claims.

12. **Assumption and Assignment of Escrow Agreements**. Under 11 U.S.C. §§ 105(a) and 365, on the Closing Date of the Purchase Agreement, the Debtors shall assume the Escrow Agreements that govern the Escrow Accounts and assign them to Buyer. All outstanding escrow deposits, if any, relating to the Escrow Accounts owed by the Debtors under the Escrow Agreement as of the Closing Date ("Cure Amount") shall be deposited by the Debtors from the Sale Proceeds into the applicable Escrow Account on the Closing Date. Upon deposit of the Cure Amount, if any, all defaults under the Escrow Agreements that govern the Escrow Accounts shall be deemed to have been cured, and the Escrow Agreements shall be deemed assumed executory contracts under 11 U.S.C. § 365(a). Upon Buyer's payment of the Sale Proceeds under the Purchase Agreement on the Closing Date, the Escrow Agreements shall be deemed assigned executory contracts under 11 U.S.C. § 365(f) and assigned to Buyer. To the extent the Escrow Agreements also govern QEF accounts that are not being sold under the Purchase Agreement, the assumption and assignment of the Escrow Agreements under this Order shall have no impact on those QEF accounts and they shall continue to be governed by their existing escrow agreements. Notwithstanding the foregoing, each of the nineteen states with Escrow Accounts held for their benefit and covered by the Escrow Agreements have confirmed that there is no outstanding Cure Amount arising from tobacco products manufactured by the Debtors and sold in their respective states during 2006 or later.

13. If required by a Settling State, the Buyer shall execute an amended or new escrow agreement approved by the applicable Settling State acknowledging the Buyer as the

assignee and successor to the Debtors and as otherwise consistent with the provisions of this Order.

14. The Buyer is a party in interest and shall have standing to appear and be heard on all issues related to or otherwise connected with this Order, the Sale or the Purchase Agreement.

15. The Purchase Agreement and related documents may be modified or supplemented by the parties thereto in accordance with the terms of this Order without further order of this Court. The failure to specifically include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that that Purchase Agreement be authorized and approved in its entirety; provided, however, that this Order shall govern if there is any inconsistency between the Purchase Agreement and this Order.

16. Notwithstanding any provision in the Bankruptcy Code or Bankruptcy Rules to the contrary, including Bankruptcy Rules 6004(h) or 6006(d), because time is of the essence, (i) this Order shall be effective immediately and enforceable upon its entry, (ii) the Chapter 7 Trustee, on behalf of the Debtors' estates, is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Chapter 7 Trustee, on behalf of the Debtors' estates, is authorized and empowered, and may in its discretion and without further delay, take any action necessary or appropriate to implement this Order.

17. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the Sale or this Order; provided however, that such jurisdiction shall not

12

PHIL1 7623886v.2

extend to review of action by a state with respect to the Buyer's application for permits, licenses, certifications, or similar authorizations issued by the states with the respect to the manufacture or sale of tobacco products, including without limitation the Buyer's listing or removal from any state's tobacco product manufacturer directory.

**Dated: February 14th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

PHIL1 7623886v.2